# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ-DIAZ,<br><br>                  Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | CASE NO. 07CV2417 IEG<br>*Related to 96CR1826*<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT PETITIONER'S SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>(Doc. No. 244.) |

Presently before the Court is Jose Chavez-Diaz's ("petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 244.) Petitioner claims the prosecution violated his Fifth Amendment right to due process by breaching the plea agreement at his sentencing. Petitioner also claims his sentence violated due process because he was never advised, prior to entering into the plea agreement, that his sentence would be enhanced based on his prior convictions. Finally, petitioner claims his counsel was ineffective in failing to challenge the prosecution's alleged breach of the plea agreement and in informing petitioner he could not appeal his sentence. For the following reasons, the Court denies the motion.

//
//
//
//

**BACKGROUND**

**Factual Background**

On October 1, 1996, the United States filed an Information charging petitioner with a violation of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to manufacture methamphetamine and possession of methamphetamine with intent to distribute. (Doc. No. 5-2.) A superseding indictment filed October 22, 1996 added a count of possession of firearms in violation of 18 U.S.C. § 924(c)(1). (Doc. No. 19.) Authorities arrested petitioner on January 8, 2001, and he appeared before the magistrate judge on January 29, 2001. (Doc. No. 180.) In petitioner's plea agreement, he affirmed his plea was knowing and voluntary and he waived his right to appeal or collaterally attack his conviction and sentence. (Opposition, Ex. A at 4 & 7.) Petitioner's plea agreement also included a provision indicating petitioner was "aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is <u>not binding on the court</u>." (<u>Id</u>. at 5.) In exchange for petitioner's plea of guilty to the methamphetamine count, the government agreed to dismiss the firearms count, to recommend a downward adjustment based on petitioner's acceptance of responsibility, and not to recommend an increase based on petitioner's role.

On June 28, 2001, the Court accepted petitioner's plea of guilty. (Doc. No. 197.) In response to the Court's questions, petitioner stated he understood the terms of his plea agreement, he had spoken with his attorney about the plea agreement, and he was satisfied with his attorney's services. (Opp. Ex. B at 5-6.) Petitioner also affirmed he understood the constitutional rights he forfeited by pleading guilty and stated he was not forced to plead guilty. (<u>Id.</u> at 14.) Petitioner further stated he understood he gave up his right to appeal his sentence if he received a sentence no more than the low end of the guideline range at an adjusted offense level 37.[1] (<u>Id.</u> at 14-15.) Petitioner also indicated he understood that while the Court could advise of him of the maximum and minimum penalties, it could make no promises about his final sentence. (<u>Id.</u> at 14-15.)

On April 16, 2002, the Court sentenced petitioner to a prison term of 188 months and

---

[1] At petitioner's disposition hearing the Court informed him that his maximum possible sentence under the United States Sentencing Guidelines was life in prison while the minimum was ten years in prison. (Opp. Ex. B at 12.)

1  supervised release for a term of 5 years.  (Doc. No. 203.)

2  **Procedural History**

3     On December 26, 2007, petitioner filed a motion to vacate, set aside, or correct his
4  sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 244.)  On January 3, 2008, the Court ordered
5  the government to show cause as to why the petition should not be granted.  (Doc. No. 245.)  On
6  February 22, 2008, the government filed a response in opposition to the petition.  (Doc. No. 246.)
7  Petitioner did not file a reply.

8                                                    DISCUSSION

9  **Timeliness of Petition**

10     As an initial matter, the Court considers the timeliness of petitioner's motion.  Under the
11 Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions under Section 2255
12 must be filed within a one-year statute of limitations.  28 U.S.C. § 2255(f).  The Court entered
13 judgment against petitioner on April 18, 2002.  Petitioner did not appeal, and petitioner did not file
14 the instant motion until December 26, 2007.  Accordingly, unless petitioner can show the statute of
15 limitations should be tolled, petitioner's motion is not timely.

16     Equitable tolling is available when an "extraordinary circumstance beyond [petitioner's]
17 control" made it "impossible for [him] to file [his] motion within the appropriate time period."
18 United States v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001); see United States v. Battles, 362
19 U.S. 1195, 1197 (9th Cir. 2004) (holding Section 2255 petitions may be equitably tolled in the
20 same circumstances as Section 2254 petitions).   "[T]he threshold necessary to trigger equitable
21 tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292
22 F.3d 1063, 1066 (9th Cir. 2002.)

23 **Petitioner's Claim to Equitable Tolling**

24     Petitioner explains his petition was not filed within a year of the judgment of conviction
25 because he believed he could not collaterally attack his sentence.  Petitioner claims he "was told
26 by counsel that he could not appeal the outcome of the proceedings in this case in any manner."
27 (Memorandum In Support of Motion at 13.)  Petitioner filed the motion after "just recently
28 learn[ing] that he could have filed a post conviction remedy raising his claim of ineffective

1 assistance of counsel." (Id.) Petitioner requests tolling of the one-year statute of limitations
2 "[d]ue to counsel's faulty advice/information regarding post conviction remedies available to
3 Petitioner." (Id.)

4 **Analysis**

5     Mistakes of counsel are not a basis for equitable tolling of a habeas petition because
6 prisoners have no right to counsel on collateral review. Miranda, 292 F.3d at 1067; Frye v.
7 Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). In Miranda, as in this case, the allegedly
8 erroneous advice was given during a stage of the proceedings in which petitioner did have a right
9 to counsel, but the advice "pertained not to the direct review for which [counsel] was appointed,
10 but to habeas relief, for which []he was not." Miranda, 292 F.3d at 1067-68. Equitable tolling is
11 only appropriate where counsel acted "egregiously" and his or her actions made it impossible for
12 petitioner to file a timely habeas petition. Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003).

13     Taken as true, the facts alleged by petitioner do not indicate "egregious" conduct by
14 counsel. Counsel correctly advised petitioner he could not collaterally attack his sentence. A
15 criminal defendant may waive his statutory right to file a section 2255 petition challenging the
16 length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Petitioner waived
17 this right when he knowingly and voluntarily entered into a plea agreement stating he "waives, to
18 the full extent of the law, any right to appeal or collaterally attack the conviction and sentence."
19 (Opp., Ex. A, at 8.) See United States v. Portillo-Cano, 192 F.3d 1246 (9th Cir. 1999) (holding an
20 express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and
21 voluntarily made); see also United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The
22 Court sentenced petitioner to a shorter sentence than provided for by the plea agreement.[2]
23 Accordingly, petitioner was not entitled to appeal or collaterally attack his sentence.

24     An exception to this rule may exist for claims of ineffective assistance of counsel. Pruitt,

---

[2]The plea agreement stated no agreement had been reached regarding petitioner's criminal history category. At sentencing, the Court departed downward from Criminal History Category IV to III, finding Category III "more accurately represent[ed] the seriousness of the defendant's criminal history." (Opp. Ex. C at 10.) The Court also found a three-level downward departure warranted due to a "combination of factors." (Id. at 11.)
While petitioner's motion refers to an "enhancement" based on prior convictions, petitioner appears to be arguing he did not understand that his criminal history would affect his sentence. Petitioner claims the court's consideration of his criminal history at sentencing constituted a breach of the plea agreement.

32 F.3d at 433 ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea of guilty."). The Ninth Circuit has not yet "decide[d] whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance of counsel claim." United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005). Insofar as petitioner may have been able to file such a motion, counsel's advice that petitioner could not collaterally attack his sentence on any ground may have been incorrect. This potentially broad advice, however, does not constitute the kind of "egregious" conduct which required tolling the limitations period in Spitsyn. See 345 F.3d at 801 (tolling limitations period when retained counsel failed to file petition and his possession of the case file prevented the prisoner from independently preparing petition).

The Court therefore finds petitioner is not entitled to equitable tolling for the more than five years in which he did not file a Section 2255 motion. The instant motion is thus barred by AEDPA's one year statute of limitations.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED**.

**DATED: April 21, 2008**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**